## ATLANTIC COAST LINE RAILROAD CO. *v.* BROTHERHOOD OF LOCOMOTIVE ENGINEERS ET AL.

Decided July 16, 1969

*Dennis G. Lyons, Frank X. Friedmann, Jr., David M. Foster, John W. Weldon,* and *John S. Cox* on the application.

*Allan Milledge* and *Richard L. Horn* in opposition.

Mr. Justice Black, Circuit Justice.

This is an application presented to me by the railroad to stay enforcement of an injunction issued by the United States District Court for the Middle District of Florida against the enforcement of a state court injunction restraining the union from picketing around the Moncrief Yard in Florida, a classification yard owned by the Seaboard Coast Line, the successor company to the Atlantic Coast Line Railroad. The picketing is being carried on because of a strike against the Florida East Coast Railway by its employees; there is

1201

no dispute between the Seaboard Coast Line or the Atlantic Coast Line and their employees. The union wishes to picket the Moncrief Yard, however, because many of the Florida East Coast cars are switched into it in order to carry on that railroad's business.

At the last Term of this Court we had before us a question involving the picketing of the Jacksonville Terminal Company at Jacksonville, Florida, owned and operated by the Florida East Coast, Seaboard, Atlantic Coast Line, and Southern railroads. There an injunction was granted in the Florida state courts to restrain the union from picketing the entire terminal. This Court in a 4-to-3 opinion decided that the picketing was protected by federal law and therefore could not be enjoined by Florida. *Brotherhood of Railroad Trainmen* v. *Jacksonville Terminal Co.,* 394 U. S. 369 (1969). The union here substantially relies on that case, insisting that it has the same federally protected right to picket at the Moncrief Yard that this Court held it could exercise at the Jacksonville Terminal. The District Court here enjoined the railroad from utilizing a state court injunction against picketing at Moncrief and refused the railroad's request to stay the effectiveness of its injunction pending appeal. The Court of Appeals, however, did grant an application to suspend the effectiveness of the District Court injunction for ten days, which expires tomorrow—July 17. The question before me is whether I should suspend the effectiveness of that injunction pending a review of the District Court's judgment.

Since 1793 a congressional enactment, now found in 28 U. S. C. § 2283, has broadly provided that federal courts cannot, with certain limited exceptions, enjoin state court proceedings. Whether this long-standing policy is violated by the District Court's injunction here presents what appears to me to be a close, highly complex, and difficult question. Not only does it present

a difficult problem but one of widespread importance, the solution of which might broadly affect the economy of the State of Florida, the United States, and interstate commerce. Under these circumstances I do not feel justified in permitting the District Court injunction to be enforced, changing the status quo at Moncrief Yard, until this Court can act for itself on the questions that will be presented in the railroad's forthcoming petition for certiorari. For this reason an order will be issued staying the enforcement of the District Court injunction pending disposition of the petition for certiorari in this Court. To accomplish this result without undue delay it will be the duty of the railroad to expedite all actions necessary to present its petition for certiorari here.