**614**

GROVE PRESS, INC., a New York corporation, Kenneth W. Andrews, Calvin Tyrone Gray and Bill-Ken, Inc., a Virginia corporation, t/a Star Twin Indoor Theatre, Plaintiffs,

v.

Andre EVANS, Commonwealth's Attorney for the City of Virginia Beach, Virginia, and W. E. Davis, Chief of Police for the City of Virginia Beach, Virginia, Defendants.

Civ. A. No. 355-69-N.

United States District Court,
E. D. Virginia,
Norfolk Division.

March 12, 1970.

Stanley E. Sacks, Sacks, Sacks & Tavss, Michael R. Caprio, Jr., Norfolk, Va., for plaintiffs.

Anthony F. Troy, Asst. Atty. Gen. of Va., Richmond, Va., Andre Evans, Commonwealth's Atty., Virginia Beach, Va., for defendants.

## OPINION AND ORDER

KELLAM, District Judge.

In their original and amended complaints, plaintiffs sought to (1) have a three-judge court declare unconstitutional Sections 18.1–227 through 18.1–236.4 of the Code of Virginia, 1950, as amended; (2) enjoin defendants from interfering with the exhibition of a film "I Am Curious (Yellow)" prior to a determination that it is obscene; (3) have the aforesaid film, which had been seized, returned; (4) enjoin defendants from prosecution of plaintiffs in the proceedings pending in the Municipal Court of the City of Virginia Beach, Vir-

ginia; and (5) declare the aforesaid film as not obscene.

A temporary injunction was issued July 23, 1969, ordering (1) the return of the film "I Am Curious (Yellow)" to plaintiffs, with direction that "the same prints of said film" be made reasonably available to defendants for use in the State court prosecutions, and (2) defendants be enjoined from seizing any prints of said film or interfering with its exhibition prior to a determination of its obscenity.

Subsequently, application was made for an injunction enjoining the prosecution of plaintiffs in the Municipal Court of Virginia Beach, Virginia. After a hearing before Judge Robert R. Merhige, Jr. at Richmond, the injunction was refused as the Court found "no failure of the defendants to act in good faith" in the pending prosecution and the Court could not say "that said statute is patently unconstitutional on its face." Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969).

A three-judge court was convened in accordance with the provisions of Title 28 § 2284 U.S.C. to determine the constitutionality of Sections 18.1–227 through 18.1–236.4 of the Virginia Code. In an opinion by Circuit Judge Butzner of November 26, 1969, D.C., 306 F.Supp. 1084, the Court held the statute in question constitutional, except as to the final sentence in Section 18.1–228(4), "setting forth a prima facie presumption" which the Court found unconstitutional. The presumption was found to be severable from the statute, and the remaining portion of the statute is constitutional. No appeal was sought from that decision.

Following the decision of the three-judge court, counsel for all parties agreed that the only issue remaining in this action was whether this Court should retain jurisdiction and "enjoin the Circuit Court of the City of Virginia Beach,

Virginia, from proceeding with the prosecution of Kenneth W. Andrews and Calvin Tyrone Gray for alleged violation of Sections 18.1–227 through 18.1–236.4 of the Code of Virginia;" and if jurisdiction is retained, to determine if the motion picture film aforesaid is obscene. On the first issue the parties were granted time to present "affidavits and/or depositions, and written briefs." Within the time agreed, counsel filed their briefs, but did not submit evidence.

Plaintiffs assert in their brief that they "cannot offer proof that the prosecution of plaintiffs in the Virginia Beach Court is made in bad faith."[1] Nor is it asserted or established that the prosecutions are "with no expectation of convictions, but only to discourage exercise of protected rights." Plaintiffs say that the pending prosecutions make it difficult for them to find theatres willing to show the film and therefore the right of plaintiffs to distribute the film is restricted; that the prosecution has a "chilling" effect upon plaintiffs' exercise of their first amendment rights. Plaintiffs further say that the issue of whether "the film is obscene is not one which can be readily determined by the State Court;" that appeals to the Supreme Court of Appeals of Virginia are time consuming and expensive, and plaintiffs will suffer irreparable harm because the public interest in the film will diminish.

Defendants say this Court should (a) refuse to issue an injunction against the State court proceedings, and (b) abstain from interfering with the orderly processes of the administration of its criminal laws.

Title 28 § 2283 U.S.C.A. provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its juris-

---

1. Judge Merhige in his opinion of September 10th, 1969, following hearing on the application for a temporary injunction to the State Court prosecutions found "no failure of the defendants to act in good faith" in the pending State Court prosecutions.

diction, or to protect or effectuate its judgments.

In an opinion in chambers in the case of Atlantic Coast Line v. Engineers, 396 U.S. 1201, 90 S.Ct. 9, 24 L.Ed.2d 23 (1969), Mr. Justice Black in denying enforcement of a Federal District Court injunction against State Court proceedings pending appeal, said:

Since 1793 a congressional enactment, now found in 28 U.S.C. § 2283, has broadly provided that federal courts cannot, with certain limited exceptions, enjoin state court proceedings. Whether this long-standing policy is violated by the district court's injunction here presents what appears to me to be a close, highly complex and difficult question. Not only does it present a difficult problem but it is one of widespread importance, * * *."

■■ It has long been the rule that "Courts of equity do not ordinarily restrain criminal prosecutions." Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324. No person is nor ought to be immune from prosecution in good faith for his alleged criminal acts, "even though alleged to be in violation of constitutional guaranties," and it is not and ought not to be "a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction." 319 U.S. 157, 163, 63 S.Ct. 877, 881. The opinion and reasoning in Douglas v. Jeannette, supra, has been cited with approval many times. See Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22; Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969). The language used by the Court in Stefanelli v. Minard, 342 U.S. 117, 120, 72 S. Ct. 118, 96 L.Ed. 138, is particularly appropriate here:

The maxim that equity will not enjoin a criminal prosecution summarizes centuries of weighty experience in Anglo-American law. It is impressively reinforced when not merely the relations between coordinate courts but between coordinate political authorities are in issue. The special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law, has been an historic concern of congressional enactment, see, e. g., 28 U.S.C. §§ 1341, 1342, 2283, 2284(5). This concern has been reflected in decisions of this Court, not governed by explicit congressional requirement, bearing on a State's enforcement of its criminal law. E. g., Watson v. Buck, 313 U.S. 387 [61 S.Ct. 962, 85 L.Ed. 1416]; Beal v. Missouri Pacific R. [Corp.], 312 U.S. 45 [61 S.Ct. 418, 85 L.Ed. 577]; Spielman Motor [Sales] Co. v. Dodge, 295 U.S. 89 [55 S.Ct. 678, 79 L.Ed. 1322]; Fenner v. Boykin, 271 U.S. 240 [46 S.Ct. 492, 70 L.Ed. 927]. It has received striking confirmation even where an important countervailing federal interest was involved. [State of] Maryland v. Soper (No. 1), 270 U.S. 9 [46 S.Ct. 185, 70 L.Ed. 449]; [State of] Maryland v. Soper (No. 2), 270 U.S. 36 [46 S.Ct. 192, 70 L.Ed. 459]; [State of] Maryland v. Soper (No. 3), 370 U.S. 44 [46 S.Ct. 194, 70 L.Ed. 462].

■ In Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969), the theatre assigned as error the District Court's refusal to enjoin a State Court prosecution, urging that 28 U.S.C. § 2283 was not applicable, because 42 U.S.C. § 1983 created a statutory exception. There, as here, the application for the injunction lacked equity. In dealing with the question, Judge Butzner said at page 642:

Comity dictates denial of federal injunctive relief against state prosecutions that challenge First Amendment rights when it does not appear that the accused have "been threatened with any injury other than that incidental to every criminal proceeding

brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford [the accused] any protection which they could not secure by prompt trial and appeal pursued to this Court." Douglas v. City of Jeannette, 319 U.S. 157, 164, 63 S.Ct. 877, 881, 87 L.Ed. 1324 (1943); cf. Broyhill v. Morris, 408 F.2d 820 (4th Cir. 1969).

This is not a case for injunctive relief.

The rule of abstention was created in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971. It "was based on 'the avoidance of needless friction' between federal pronouncements and state policies." Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68, decided February 25, 1970.

In Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 1339, the maxim that "a federal district court should be slow to act 'where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court,'" Douglas v. City of Jeannette, 319 U.S. 157, 172, 63 S.Ct. 877 was re-stated. See also Dombrowski v. Pfister, 380 U.S. 479, 483–485, 85 S.Ct. 1116; Zwickler v. Koota, 389 U.S. 241, 253, 88 S.Ct. 391, 19 L.Ed.2d 444.

Plaintiffs urge that *Dombrowski* is authority for this Court to issue an injunction against the State court action, and take over the determination of whether the said film is obscene. In the dissenting opinion of Mr. Justice Fortas in Cameron v. Johnson, 390 U.S. 611, at page 623, 88 S.Ct. 1335, at page 1342 he says:

*Dombrowski* is strong medicine. It involves interposition of federal power at the threshold stage of the administration of state criminal laws. *Dombrowski's* remedy is justified only when First Amendment rights, which are basic to our freedom, are imperiled by calculated, deliberate state assault. And those who seek federal interven-

tion bear a heavy burden to show that the State, in prosecuting them, is not engaged in use of its police power for legitimate ends, but is deliberately invoking it to harass or suppress First Amendment rights. *Dombrowski* should never be invoked when the State is, in substance and truth, engaged in the enforcement of valid criminal laws. Ordinarily, the presumption that the State's motive was law enforcement and not interference with speech or assembly will carry the day.

Again, in Cameron v. Johnson, supra [390 U.S. 611, 618, 88 S.Ct. 1335, 1339], the Court said, "Federal interference with a State's good-faith administration of its criminal laws 'is peculiarly inconsistent with our federal framework' and a showing of 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction."

As the Court said in Cameron v. Johnson [390 U.S. 611, 618, 88 S.Ct. 1335, 1339], it found "special circumstances" in the *Dombrowski* case. It involved the alleged violations of an excessively broad statute regulating expression itself, with continued threatened prosecutions. The Court held it was a case of "the threat of irreparable injury" and that sections of the Louisiana statute "were patently unconstitutional on their face." The Court viewed *Dombrowski* as a case presenting a situation of the "impropriety of [state officials] invoking the statute in bad faith to impose continuing harassment in order to discourage appellants' activities * * * *" 380 U.S., at 490, 85 S.Ct., at 1123. Here, there is no harassment, intimidation or oppression of plaintiffs in their efforts to exercise their constitutional rights. They were arrested and are being prosecuted in good faith. "Any chilling effect" on efforts of plaintiffs to find theatres to show their films "that flows from good-faith enforcement of this valid statute would not, of course, constitute that enforcement an

impermissible invasion of protected freedoms." Cameron v. Johnson [390 U.S. 611, 619, 88 S.Ct. 1335, 1340]; Cox v. Louisiana, 379 U.S. 559, 564, 85 S.Ct. 476, 13 L.Ed.2d 487.

"Considerations of delay, inconvenience, and cost to the parties, which have been urged upon us [the Court], do not call for a different result. For we are here concerned with the much larger issue as to the appropriate relationship between federal and state authorities functioning as a harmonious whole." Chicago v. Fieldcrest Dairies, 316 U.S. 168, 172, 62 S.Ct. 986, 988, 86 L.Ed. 1355.

The prosecutions in the State Court are under State statutes which have been declared constitutional by the Supreme Court of Appeals of Virginia, in House v. Commonwealth, 210 Va. 121, 169 S.E.2d 572 (1969), and by a three-judge federal court. Grove Press, Inc. v. Evans, 306 F.Supp. 1084 (1969). The statute is therefore "a valid law dealing with conduct subject to regulation so as to vindicate important interest of society and * * * the fact that free speech is intermingled with such conduct does not bring with it constitutional protection." Cox v. Louisiana, 379 U.S. 559, 564, 85 S.Ct. 476, quoted in Cameron v. Johnson, 390 U.S. 611, 617, 88 S.Ct. 1335, 1339.

The rights of plaintiffs can and will be properly protected in the State Court trials. "It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by * * * [United States Supreme Court], and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to irreparable injury necessary to justify a disruption of orderly state proceedings." Dombrowski v. Pfister, supra [380 U.S. 479, 485, 85 S.Ct. 1116, 1120].

It is conceded that the prosecutions in the State Court are in good faith based on statutes which have been declared constitutional by the highest court of the State and by a three-judge federal court

convened pursuant to Title 28 U.S.C. § 2281. No appeal has been taken to the finding of the three-judge court.

Plaintiffs have no basis for asserting or believing that the state courts are not as well qualified to pass on the issues involved as the federal courts. A prosecution under the statutes in question was involved in the case of House v. Commonwealth, supra [169 S.E.2d 572]. There the Court clearly recognized that the issue was whether the magazines in question were within the "area of free speech and press protected by the First Amendment" or whether they were obscene. In the determination of the issue the Court recognized that it was "bound by the decision of the Supreme Court of the United States which is the final arbiter of the proper interpretation of the Federal Constitution." Too, the Court recognized that the test for determining what was obscene was prescribed in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. It applied that test and those standards, as well as the principles set out in Jacobellis v. State of Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964), namely, that the determination of whether a motion picture or book is obscene "is not merely a factual matter on which a jury's verdict is conclusive," but it also "involves an issue of constitutional law which must ultimately be decided by the court." [169 S.E.2d 577]

■ The "possibility of erroneous application of the statute does not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings." Cameron v. Johnson, supra [390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182].

See also Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1963); Wilson v. Schnettler, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620; Henderson v. Trailway Bus Co., 194 F.Supp. 423 (E.D.Va. 1961); Collins v. State of Maryland, 264 F.Supp. 629 (D.C.Md.1967).

The prayer for injunction is therefore denied and this action is dismissed.