John ANDREWS et al., Plaintiffs,

v.

Michael F. DILLON, as District Attorney for the County of Erie, et al., Defendants.

Civ. No. 1970–406.

United States District Court, W. D. New York.

Nov. 24, 1970.

Willard H. Myers, III, John W. Condon, Jr., and Herald P. Fahringer, Jr., Buffalo, N. Y., for plaintiffs.

Michael F. Dillon, Dist. Atty. of Erie County (Peter J. Notaro, Buffalo, N. Y., of counsel), for defendants.

JOHN T. CURTIN, District Judge.

Plaintiffs, faculty members of the State University of New York at Buffalo, have been convicted under the New York Judiciary Law, McKinney's Consol.Laws, c. 30, Section 750 (criminal contempt)[1] in the Supreme Court, Coun-

ty of Erie, for willfully violating the provisions of a preliminary injunction on that campus. Criminal proceedings under the New York Penal Law, McKinney's Consol.Laws, c. 40, Section 215.-50 (criminal contempt)[2] and Section 140.10 (criminal trespass)[3] are now pending against the plaintiffs in the City Court of Buffalo. Plaintiffs claim that pending prosecutions constitute double jeopardy since all of the above charges arise from a single occurrence. They further claim that the prosecution by the District Attorney is designed to and has chilled First Amendment freedoms.

Asserting jurisdiction under Title 28, United States Code, Section 1343, and the Civil Rights Act (Title 42, U.S.C. § 1983), the plaintiffs seek a judgment (Title 28, U.S.C. § 2201) declaring Section 776 of the New York Judiciary Law[4] and Section 215.55 of the New York Penal Law[5] unconstitutional on their face and as applied, and that Sections 215.50 (criminal contempt) and 140.10 (criminal trespass) of the Penal Law be declared unconstitutional as applied to plaintiffs. Plaintiffs further seek an injunction barring the prosecution of criminal proceedings now pending in the City Court of Buffalo against the defendants, and the convening of a three judge court pursuant to Title 28, United States Code, Section 2281.[6]

1. In pertinent part, Section 750 provides:
"A. A court of record has power to punish for a criminal contempt, a person guilty of any of the following acts, and no others:
* * * * *
3. Wilful disobedience to its lawful mandate."

2. In pertinent part, Section 215.50 provides:
"A person is guilty of criminal contempt when he engages in any of the following conduct:
* * * * *
3. Intentional disobedience or resistance to the lawful proces or other mandate of a court * * *."

3. Section 140.10 provides:
"A person is guilty of criminal trespass in the second degree when he knowingly enters or remains unlawfully in a

building or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders."

4. In pertinent part, Section 776 provides:
"A person, punished as prescribed in this article, may, notwithstanding, be indicted for the same misconduct, if it is an indictable offense * * *."

5. In pertinent part, Section 215.55 provides:
"Adjudication for criminal contempt under subdivision A of section seven hundred fifty of the judiciary law shall not bar a prosecution for the crime of criminal contempt under section 215.50 based upon the same conduct * * *."

6. Section 2281 provides:
"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer

The complaint alleges that, on February 27, 1970, the State University of New York began an action for injunctive relief in the Supreme Court, County of Erie and, on the same day, obtained a temporary restraining order directing the defendants in that action from disrupting "the lawful educational function of the said university." None of the defendants in that action are plaintiffs in this lawsuit.

On March 5, 1970, a preliminary injunction was granted by the state court restraining the defendants and all other persons receiving notice of the preliminary injunction

"[F]rom acting within or adjacent to any of plaintiff's academic or administrative buildings, dormitories, recreation rooms or athletic facilities or in any corridors, stairways, doorways and entrances thereto, in such unlawful manner as to disrupt or interfere with the lawful and normal operations of State University of New York at Buffalo, conducted by plaintiff in such places or to unlawfully block, hinder, impede or interfere with lawful ingress to or lawful egress from any of such properties by plaintiff's faculty, administrators, students, employees or guests or otherwise disrupt the lawful educational function of the said University."

The complaint further alleges that, on March 8, 1970, demonstrations continued and police were called on the campus. According to the complaint, "the presence of the police * * * proved to be a disruptive force to the educational function of the University; many students and professors found it impossible to learn or teach in an atmosphere of military occupation." Because of the disruption and tension at the University, the complaint alleges that a number of the plaintiffs as individuals in groups sought to meet with Acting President Peter F. Regan. However, Mr. Regan refused to meet with the plaintiffs. It is alleged that, on March 12 and 13, many of the plaintiffs tried to form a wall between students bent on confrontation with the police and the police officers. This effort met with failure and a number of individuals, including some of the plaintiffs, were injured. Plaintiffs allege that they again attempted to communicate with Mr. Regan, but that he refused to meet with them. Therefore, in order to dramatize the need for communication, the plaintiffs scheduled a meeting in the offices of President Martin Meyerson and Acting President Peter F. Regan in Hayes Hall for Sunday, the 15th of March, 1970. When they arrived at Hayes Hall, all was quiet and they were conducted to the office of the president by a City of Buffalo police officer, who was on guard duty inside the building. Then two administrative officers of the University appeared and were informed of the purpose of the meeting. Plaintiffs allege that the administrative officer refused to convey a message to the Acting President, told them the building was closed, and gave the plaintiffs five minutes to vacate the office or be arrested. The plaintiffs calmly refused to leave and were arrested without any disruption by security officers of the University. After initial processing in the precinct station, there was an arraignment in the City Court of Buffalo on a charge of criminal contempt in violation of Section 215.50 of the Penal Law. On March 18, 1970, the plaintiffs were additionally charged with a violation of Section 140.-10 of the Penal Law (criminal trespass).

Following this, on March 19, 1970, the State University of New York began a proceeding in the Supreme Court pursuant to Section 750 of the Judiciary

of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

Law, seeking punishment for criminal contempt or willful disobedience of the order of the court.

On April 17 and 18, 1970, a hearing was held in the Section 750 proceeding and, on April 24, 1970, the state court judge held the plaintiffs each guilty of criminal contempt pursuant to Section 750 of the Judiciary Law and sentenced them to a period of thirty days in the Erie County Penitentiary. The imprisonment of the plaintiffs was stayed and the judgment of the state court is on appeal to the Fourth Department Appellate Division.[7] Informations charging plaintiffs with violations of Sections 140.10 and 215.50 of the Penal Law have been consolidated for trial in the City Court of Buffalo, and the trial has been adjourned pending the decision of this court.

The plaintiffs claim that prosecution in City Court for violation of Section 215.50 of the Penal Law (criminal contempt) after they were successfully convicted in the Supreme Court for violation of Section 750 of the Judiciary Law (criminal contempt) places them twice in jeopardy and is a violation of their constitutional rights under the Fifth and Fourteenth Amendments. Since Sections 776 of the Judiciary Law and 215.55 of the Penal Law expressly permit prosecution for criminal contempt under the Penal Law after an adjudication of criminal contempt under Section 750 of the Judiciary Law, the plaintiffs claim that these statutes violate the Constitution.

The plaintiffs further allege that the charge of criminal trespass under Section 140.10 of the Penal Law is unconstitutional as applied to the plaintiffs since it is an included crime in the crime of criminal contempt, for which they have already been convicted.

Finally, the plaintiffs allege that the actions of the defendants were taken to "chill" the free exercise of the plaintiffs' First Amendment rights.

The District Attorney has moved to dismiss the complaint, contending that the equitable relief of injunction should not be granted; that the allegations fail to show bad faith on the part of the defendants, and that the doctrine of federal abstention should be utilized to allow the state courts an opportunity to proceed.

The principal question is whether this court should now certify to the Chief Judge of the Circuit that a three judge court ought to be convened. In the interest of minimizing the burden which Title 28, United States Code, Section 2281 places upon the federal judiciary, the district judge has long been empowered to determine whether a complaint requires adjudication by a three judge court. See Ex Parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928). It is the function of this court to determine whether a substantial constitutional question has been raised with respect to the state statutes under attack, whether the complaint sets forth any grounds for equitable relief, and whether the case presented otherwise comes within the requirements of Section 2281. See Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), and Note, 77 Harv. L.Rev. 299 (1963). This court does not reach the merits of whether the plaintiffs have raised a substantial constitutional question. Instead, in view of the unusual circumstances of this case, with state criminal prosecutions now pending, the court is compelled to rule that plaintiffs have failed to set forth grounds upon which equitable relief can be granted.

A fundamental principle of federalism is that federal equity courts should refuse to interfere with state criminal prosecutions save in exceptional cases. See Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1125 (1943); and Spielman Motor Sales Co. v. Dodge,

7. On November 5, 1970, the Appellate Division reversed and dismissed on state law grounds.

295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322 (1934). Embodied in Title 28, United States Code, Section 2283,[8] this policy has been the subject of considerable litigation in recent years. See Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Cameron v. Johnson, 381 U.S. 741, 85 S.Ct. 1751, 14 L. Ed.2d 715 (1965); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965); McLucas v. Palmer, 427 F.2d 239 (2d Cir. 1970); and Engelman v. Cahn, 425 F.2d 954 (2d Cir. 1970). *Zwickler* had the effect of expanding federal declaratory relief, and *Dombrowski* authorized a limited expansion of federal injunctive relief. Relying on these decisions, the plaintiffs argue that a federal court must, at a minimum, provide declaratory relief and should, despite Section 2283, provide injunctive relief.

A marked and decisive distinction, however, between those cases and the case at bar is that in neither *Zwickler* nor *Dombrowski* was a state criminal prosecution *pending* at the time federal relief was requested. Significantly, the strong First Amendment interests alleged in those cases are not as apparent in this case. Moreover, plaintiffs' argument that an action brought under the Civil Rights Act, Title 42, United States Code, Section 1983,[9] is an express exception to the Anti-Injunction Act, Title 28, United States Code, Section 2283, is not in accordance with the prevailing decisions in this circuit. See McLucas v. Palmer, supra; Engelman v. Cahn, supra; Hall v. State of New York, 359 F.2d 26 (2d Cir.), cert. denied, 385 U.S. 879, 87 S.Ct. 161, 17 L.Ed.2d 161 (1966); Jodbor Cinema, Ltd. v. Sedita, 309 F. Supp. 868 (W.D.N.Y. 1970); and Duncombe v. State of New York, 267 F. Supp. 103 (S.D.N.Y. 1967). But see Johnson v. Lee, 281 F.Supp. 650 (D. Conn. 1968). It is clear that the bar of Section 2283 against enjoining pending state criminal proceedings cannot be avoided in this case.

The court recognizes that the practice of single district judges, when presented with an application for the convening of a three judge court where the state criminal proceedings are already pending, has been inconsistent. Some have automatically convened a panel. See McSurely v. Ratliff, 282 F.Supp. 848 (E. D.Ky. 1967), and Grove Press, Inc. v. Evans, 312 F.Supp. 614 (E.D.Va. 1970). Others have exercised equitable discretion to refrain from providing relief. See Duncombe v. State of New York, supra, and Priceman v. Dewey, 81 F.Supp. 557 (E.D.N.Y. 1949). See also Burmeister v. New York City Police Department, 275 F.Supp. 690 (S.D.N.Y. 1967). As a practical matter, and in the interest of maintaining a proper balance between the burdens of the federal and state judicial systems, this court feels constrained to follow the latter practice. The inability of a federal court to grant relief even if the constitutional claim is well founded justifies dismissal at this point. See Utica Mutual Insurance Company v. Vincent, 375 F.2d 129 (2d Cir. 1967).

The court is also aware of the admonition in Idlewild Bon Voyage Liquor Corporation v. Rohan, 289 F.2d 426 (2d Cir. 1961) that whether a federal court ought to abstain is a determination that may only be made in the first instance by the entire panel. However,

8. Section 2283 provides:
    "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

9. Section 1983 provides:
    "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

no state criminal prosecutions were pending in that case. See County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959).

The complaint is dismissed.

So ordered.