**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John Edward GEORGE,
Defendant-Appellant.**

**No. 14552.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 19, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 14, 1986.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Allen G. Rose, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of "use of a child in a sexual performance" which inflicted serious emotional injury on the child. § 568.080, RSMo Supp.1984. Defendant was sentenced as a "persistent offender" to 30 years' imprisonment. See § 558.016, RSMo Supp.1984. Defendant appeals.

The first point of defendant's that we discuss is his contention that the evidence was insufficient to support the charge. Defendant states in this point (omitting names) "that the evidence establishes that the appellant forced [his 12 year-old son] and [defendant's wife, the child's mother] to dance and engage in sexual intercourse in the family home but that no sexual performance took place."

The charge against defendant was based on § 568.080, RSMo Supp.1984. That section states:

**Child used in sexual performance, penalties.—**

1. A person commits the crime of use of a child in a sexual performance if, knowing the character and content thereof, the person employs, authorizes, or induces a child less than seventeen years of age to engage in a sexual performance or, being a parent, legal guardian, or custodian of such child, consents to the participation by such child in such sexual performance.

2. Use of a child in a sexual performance is class C felony, unless in the course thereof the person inflicts serious emotional injury on the child, in which case the crime is a class B felony.

"Sexual performance" is defined as "any performance, or part thereof, which includes sexual conduct by a child who is less than seventeen years of age." § 556.-061(29), RSMo Supp.1984. "Sexual conduct" includes among other acts "sexual intercourse; or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or the breast of a female in

an act of apparent sexual stimulation or gratification." § 556.061(27), RSMo Supp. 1984.

There was evidence that defendant arrived home between one and three a.m. after having been in a tavern since he had gotten off work at noon. After eating, he informed his wife that it was time for their 12–year-old son to learn about sex. Under threat of force he had his wife wake up their son and made him dance with her while she was nude. When they resisted, he hit his wife with a belt, at one time knocking her out. Whenever they stopped dancing defendant hit them with his belt. During this time he advised the son as to various things he should do when dancing with a woman. He instructed him to put his mouth on his mother's breast and to "squeeze her butt" and to move his penis around his mother's vagina while they danced.

After they had danced for awhile, he told his wife to lie down on the couch and told his son to lie on top of his mother without his pants on. He ordered his wife to place the son's penis in her vagina. It went only slightly in because the penis was not erect. Defendant then instructed the son to move his hips up and down. When the mother untruthfully informed defendant that the son had "come", he let them stop. Defendant's wife said that defendant's watching them "seemed to turn him on." After the son went to bed, defendant and his wife went to bed and had sexual intercourse.

Under this point defendant cites only one case, *State v. Thomas*, 579 S.W.2d 145 (Mo.App.1979). As defendant states it says that in determining the sufficiency of the evidence the reviewing court is limited to a consideration of all the direct and circumstantial evidence in the record tending to prove the defendant's guilt, drawing all reasonable inferences thereof in favor of the state. 579 S.W.2d at 146.

Defendant contends that what occurred at his home between his wife and son was not a "performance", apparently contend-

ing that performance contemplates a display for profit or something more of a formal or theatrical nature or for persons outside the family rather than events occurring between family members in the family home. "Performance" is not defined in Chapter 568.* In the context used in § 568.080, a dictionary definition states it means "[a] presentation, especially a theatrical one, before an audience." The American Heritage Dictionary, 974 (1978).

In argument under this point, defendant's brief refers to the portion of § 568.-100.1(2), RSMo Supp.1984, which states that when it is necessary to determine whether a child who has participated in a sexual performance was under seventeen years of age, the court or jury may make the determination by various methods, including, "inspection of the photograph or motion picture that shows the child engaging in the sexual performance".

■ Although § 568.080 would prohibit a sexual performance for photographs or motion pictures, it is not limited to such performances. Performance can be used to connotate a public display, see *Grove Press, Inc. v. Evans,* 306 F.Supp. 1084, 1087 (E.D.Va.1969); *State v. Christine,* 239 La. 259, 118 So.2d 403, 405 (1959); 70 C.J.S., p. 451, but the statute here does not restrict the prohibited conduct to that before the public, or for profit or only before non-family members. The performances prohibited would not appear to be of the type that would be openly available to the general public.

Undoubtedly, § 568.080 and its accompanying sections prohibit the exploitation of minors under seventeen in pornographic presentations for any reason, including profit, but lack of a profit motive does not prevent there being a "performance" where the acts come within the plain and literal meaning of the statute.

■ Defendant required the child to perform and watched him. If performance requires an audience or presentation by film or other reproduction, one person who is a member of the family can be the audience. There is no exception in the statutes for a "family" performance. Although defendant may have been as much director as he was audience, he was apparently carefully viewing the occurrences. Certainly, the circumstances here could have been as injurious to the minor as if viewed by non-family members. Preventing such damages is undoubtedly one of the purposes of § 568.080.

The evidence was sufficient to support the charge against defendant. This point is denied.

Defendant's remaining points pertain to the jury instructions. The next point of defendant's that we discuss states:

The trial court erred in giving non-MAI Instruction 7, the definition of sexual performance from Section 556.061 RSMo offered by the state over the objection of appellant because technical terms which may be misapplied by the jury must be defined or explained in a verdict-directing instruction in such way as to give the jury a correct idea of their meaning in that the definition of sexual performance provided to the jury defined a sexual performance as "any performance or part thereof, which includes sexual conduct by a child who is less than seventeen years of age" and a performance thus being defined as a performance the jury was given no correct idea of the meaning of the term.

Instruction number 7 contained two definitions. The definition complained of stated:

Sexual performance means any performance or part thereof, which includes sexual conduct by a child who is less than seventeen years of age.

This instruction follows the statutory definition of "sexual performance" re-

---

* As used in Chapter 573, " 'Performance' means any play, motion picture film, videotape, dance or exhibition performed before an audience". § 573.010(8), RSMo Supp.1985.

ferred to earlier. Section 556.061(29), RSMo Supp.1984 states that it means:

"any performance, or part thereof, which includes sexual conduct by a child who is less than seventeen years of age."

This definition defines what the "sexual" aspect of the performance is and the age of those included within its prohibition, but not what is a "performance". Defendant complains that because of this "the jury was given no guidance as to what constitutes a performance." Defendant states that this instruction failed to define the prohibited conduct in a precise fashion, stating in his brief:

It is not possible to determine from the state's definition whether a sexual performance is any deed done by a child less than seventeen years of age which includes sexual conduct or if a more specific range of conduct such as prohibiting performances in the sense of events staged for dramatic or pornographic presentations is intended to be prohibited by this statute.

As discussed previously, we believe performance was used by the legislature in a broad sense which would include a wide range of viewed conduct beyond that which might be done for photographic reproduction, or other preservation, or before a non-family audience.

■ Performance, as used here in a noncontractual sense, is a commonly used word and one that the jurors would understand. Technical terms which may be misapplied by the jury must be defined or explained to them, *State v. Rodgers*, 641 S.W.2d 83, 85 (Mo. banc 1982), but when an instruction employs words of common usage, no definition is required. *State v. Ogle*, 627 S.W.2d 73, 76 (Mo.App.1981).

■ Here, the technical part of the term sexual performance was defined so that the jury could understand it. The remainder, what is a "performance", is not defined in the statute nor was it defined for the jury, but it is a word of common knowledge and the jury was not misled by its use. It was apparently applied by them in the broad sense intended. We agree that it would have been clearer for the legislature not to have defined "sexual performance" by including part of that term in the definition, but the definition instruction was not misleading or erroneous. This point is denied.

Defendant's remaining point asserts that the trial court erred in giving the verdict directing instruction and the instruction defining sexual performance because they required the jury to find that defendant's son "engaged in sexual intercourse which is not an element of the charged offense and therefore the jury's attention was directed to an issue which was not relevant to the charge."

The portion of the submission instruction complained of, (omitting the boy's name) states that the jury must find "that the performance or any part thereof included [defendant's son] engaging in sexual intercourse and sexual contact". Defendant does not complain of the reference to "sexual contact" in the instruction, only of the use of "sexual intercourse".

Defendant contends that "the evidence, argument, and the complained of instructions combined to suggest to the jury that a sexual performance and an act of sexual intercourse were synonymous." He claims he was prejudiced by these instructions because "the addition of an element that was not a part of the offense charged and the proof of said element directed the attention of the jury from the dispositive issues of the case."

Both "sexual contact" and "sexual intercourse" were defined for the jury by an instruction stating:

"Sexual contact" means any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person.

"Sexual intercourse" means any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results.

This instruction followed MAI–CR2d 33.-01 and definitions in Missouri statutes.

See § 556.061(28), RSMo Supp.1984; § 566.010.1(1), RSMo 1978; § 567.010(4)(a), RSMo 1978.

A "sexual performance" requires "sexual conduct". § 556.061(29), RSMo Supp. 1984. Although sexual intercourse is not required for sexual conduct, it is one of the things that can constitute sexual conduct and provide or fulfill one of the essential elements of the offense. See § 556.-061(27), RSMo Supp.1984. For that reason it was proper to include it.

 Moreover, even if "sexual intercourse" should not have been referred to in the instruction, defendant was not prejudiced by it being included as it put an additional burden on the state, requiring that the jury find it and sexual contact. A defendant may not complain of criminal jury instructions which operate to his advantage by putting a burden on the state beyond that legally required. *State v. Lowery*, 565 S.W.2d 680, 683–684 (Mo.App. 1978). This point is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.